*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CLARKSTON EDUCATION ASSOCIATION
and MICHIGAN EDUCATION ASSOCIATION,

UNPUBLISHED
January 10, 2019

Respondents-Appellants,

v

No. 340470
MERC
Case No. 15-059437

RON CONWELL,

Charging Party-Appellee.

Before: SWARTZLE, P.J., and SAWYER and RONAYNE KRAUSE, JJ.

RONAYNE KRAUSE, J. *(dissenting)*

I respectfully dissent.

I conclude that plaintiff's cause of action accrued on September 22, 2014, when he first became subject to the collective bargaining agreement (CBA) containing an allegedly illegal provision. As the majority observes, an unfair-labor-practice charge accrues "when the person knows of the act which caused his injury and has good reason to believe that the act was improper." *Saginaw Ed Ass'n v Eady-Miskiewicz*, 319 Mich App 422, 454; 902 NW2d 1 (2017). Conwell's claims are fundamentally premised on the 2014 and 2015 CBAs being in violation of Michigan's euphemistic "right to work" law, which went into effect before the 2014 CBA. Indeed, his unfair labor charge specifically stated that:

> [b]y entering into the 2014 CBA and 2015 CBA's [sic] requiring individuals to pay a fee to the union as a condition of employment, Respondent Union and Respondent Employer violated [Conwell's] right not to be required to pay fees to Respondent Union and violated the Act by bargaining over such an agreement.

As the majority also notes, "the 'injury' redressed by [public employment relations act (PERA), MCL 423.201 *et seq.*] statutory charges is the unfair labor practice itself, not any specific harm or damage flowing from that unfair labor practice." Consequently, Conwell's "injury" is being subject to an allegedly illegal contractual provision of which he must have been aware from its inception.

The "continuing-wrongs doctrine" is inapplicable. *Saginaw Ed Ass'n*, 319 Mich App at 455. Therefore, the fact that Conwell did not immediately seek to exercise his alleged right to benefit from collective bargaining without paying for the service would only affect when his claim accrued if his resignation was "a substantially new controversy." See *id*. at 455-456. I do not believe it was. Rather, the August 20, 2015, letter Conwell sent to respondents acknowledges that he already believed the 2014 CBA was in violation of the "right to work" law, and that his desire to resign from the union was because he believed the "right to work" law permitted him to do so. In other words, 2015 was simply when Conwell chose to act on a perceived invasion of his rights, of which he had been aware for considerable time. Conwell's cause of action had already expired by the time he filed the instant charges, and the matter should have been dismissed on that basis.

I decline to address the other issues.

/s/ Amy Ronayne Krause